IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KEVIN HEJNA, <br><br> Plaintiff, <br><br> v. <br><br> FRANK J. BISIGNANO, Commissioner of Social Security,[1] <br><br> Defendant. | No. 19-cv-5998 <br><br> Judge John F. Kness |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Kevin Hejna seeks to reverse and remand the final decision of the Commissioner of Social Security (the "Commissioner" or "Defendant") denying Plaintiff's application for disability benefits. The Commissioner has moved for a summary judgment upholding the denial of benefits. For the reasons that follow, the Court holds that the assigned Administrative Law Judge did not, in denying Plaintiff's application, provide substantial evidence to support the ALJ's conclusions regarding Plaintiff's age. Accordingly, the Commissioner's motion for summary judgment is denied, and the case is reversed and remanded for further consideration of Plaintiff's application.

---

[1] By operation of Rule 25(d) of the Federal Rules of Civil Procedure, Frank J. Bisignano is substituted as the proper Defendant in this matter. See Dkt. 32.

I.  **BACKGROUND**

Claims for Supplemental Security Income ("SSI") ordinarily follow an established path. Claimants first submit a claim to the Social Security Administration ("SSA") for SSI. If the SSA denies the claim, claimants can request reconsideration. If the SSA upholds the initial denial, the claimant can request an in-person hearing in front of an administrative law judge ("ALJ"). If an ALJ denies the claim after a hearing, the claimant can request review of the ALJ's decision by the SSA's Appeals Council. If the Appeals Council affirms the ALJ's denial or declines to review it, the claimant can seek judicial review in federal court, as Plaintiff as done here. *See Appeals Process*, Social Security Administration (2023), https://www.ssa.gov/ssi/text-appeals-ussi.htm (last visited August 29, 2025). Judicial review of "any final decision of the Commissioner of Social Security made after a hearing to which [the claimant] was a party" is available under 42 U.S.C. § 405(g).

Plaintiff followed that process. Plaintiff alleges disability from numerous physical ailments, including high blood pressure, chronic obstructive pulmonary disease (COPD), emphysema, chronic back and neck pain, and morbid obesity. (Dkt. 9 at 2.) Plaintiff contends that he has been disabled since 2014. (*Id.*) Due to his alleged disability, Plaintiff applied for SSI on April 16, 2015. (Dkt. 7-3 at 17.) The Commissioner of the SSA denied this application, as well as Plaintiff's request for reconsideration, so Plaintiff sought an adjudication before an ALJ. (Dkt. 7-3 at 22; Dkt. 9 at 1.) The ALJ analyzed whether Plaintiff was disabled under 42 U.S.C. § 1382c and concluded, in part because the ALJ placed Plaintiff in the "closely

approaching advanced age" category as opposed to the "advanced age category," that Plaintiff was not disabled.[2] The ALJ accordingly denied Plaintiff's request for SSI. (Dkt. 7-3 at 17.) The SSA Appeals Council then denied Plaintiff's request for review. (*Id.* at 2.)

Plaintiff now seeks judicial review of the ALJ's denial of under 42 U.S.C. § 405(g). Plaintiff argues that the ALJ failed to conduct a "borderline age analysis" as required by SSA regulations, or, if the ALJ did conduct the analysis, the ALJ failed to explain its reasoning. (Dkt. 9 at 2.) The Commissioner moves for summary judgment under Rule 56 of the Federal Rules of Civil Procedure arguing the ALJ did not err, or if there was error, it was cured or harmless. (Dkt. 21.)

## II. STANDARD OF REVIEW

A plaintiff can petition a federal court for judicial review of a denial of SSI. 42 U.S.C. § 405(g). A federal court reviewing an ALJ's decision will uphold the decision so long as it is supported by the "not high" threshold of substantial evidence. *See* 42 U.S.C. § 405(g); *Warnell v. O'Malley*, 97 F.4th 1050, 1052 (7th Cir. 2024).[3] An ALJ must "build a 'logical bridge' from the evidence to [the] conclusion," so that a reviewing court may "assess the validity of the ultimate findings and afford meaningful review." *Chrisman on behalf of N.R.C. v. Bisignano*, 137 F.4th 618, 624

---

[2] 42 U.S.C. § 1382c defines disability as it relates to eligibility for SSI.

[3] The Commissioner brought this motion to affirm the ALJ decision as a Motion for Summary Judgment under Rule 56 of the Federal Rules of Civil Procedure. District courts in this circuit analyze such motions for summary judgment brought in social security appeals cases under the "substantial evidence" standard laid out by 42 U.S.C. § 405(g). *See Joy v. Kijakazi*, 2023 WL 415544 (N.D. Ill. Jan. 25, 2023); *Lugo v. Colvin*, 2016 WL 978205 (N.D. Ill. Mar. 8, 2016); *Murphy v. Barnhart*, 417 F. Supp. 2d 965 (N.D. Ill. Feb. 15, 2006); *Smith v. Astrue*, 795 F. Supp. 2d 748 (N.D. Ill. June 21, 2011).

(7th Cir. 2025); *see also Steele v. Barnhart*, 290 F.3d 936, 940 (7th Cir. 2002) (when an administrative decision "lacks evidentiary support or is so poorly articulated as to prevent meaningful review, the case must be remanded.")

Under the *Chenery* doctrine, the Commissioner cannot supplement the ALJ's reasoning or provide post-hoc rationale for the ALJ's decision. *See SEC v. Chenery Corp.*, 318 U.S. 80, 87–88 (1943). When an ALJ's justifications for a decision are missing, that omission may not be cured by post-hoc rationale because a reviewing court must "look to what the ALJ did, not what he might have done." *Cieszynski v. Kijakazi*, 2023 WL 2523499, at *4 (7th Cir. Mar. 15, 2023); *see also Poole v. Kijakazi*, 28 F.4th 792, 796 (7th Cir. 2022) ("[W]e can only speculate about what persuaded the ALJ to rule against Poole. The ALJ's decision therefore falls short of *Chenery*'s command to articulate the grounds clearly and rationally for her decision.").

In addition to explaining his or her reliance on sufficient evidentiary support, the Commissioner must also follow SSA regulations. Failure to do so requires reversal unless the error is harmless. *See Prochaska v. Barnhart*, 454 F.3d 731, 736–37 (7th Cir. 2006); *Thomas v. Kijakazi*, 2023 WL 5279646, at *3 (E.D. Wis. Aug. 16, 2023).

### III. DISCUSSION

At issue is whether the ALJ was required to undergo a "borderline age analysis" and, if the ALJ did perform such an analysis, whether the ALJ did so sufficiently. The Commissioner argues that, even if the ALJ erred by failing to properly conduct the analysis, a statement in the Appeals Council decision "cured" the ALJ decision. In the alternative, the Commissioner argues that the error was

4

"harmless." But as explained below, because the ALJ failed to properly explain the ALJ's analysis of Plaintiff's "borderline age analysis," and because this decision was neither "cured" nor "harmless," the case must be remanded.

### A. The ALJ's Decision and the Borderline Age Situation

To determine whether a claimant is "disabled" for purposes of receiving SSI, the ALJ performs a five-step evaluation: (1) whether the claimant is engaged in substantial gainful activity (work); (2) the severity of the claimant's physical and mental impairments; (3) whether the claimant's impairments on their own justify a finding of disability; (4) the claimant's capacity to perform past relevant work; and (5) the claimant's capacity to adjust to other work based on the claimant's age, education, and work experience. 20 C.F.R. § 416.920(a)(4); (*see also* Dkt. 7-3 at 17–18.)

Established agency rules guide the analysis in step five. *See* 20 C.F.R. Pt. 404, Subpt. P, Appx. 2. These rules provide disability determinations given various combinations of age, education, and previous work experience, *id.*, and they employ three established age categories: "younger person" means individuals under age 50; "person closely approaching advanced age" means individuals ages 50 to 54; and "persons of advanced age" means individuals ages 55 and older. *Id.*; *see also* 20 C.F.R. § 416.963(c)–(e). A "borderline situation" exists when, on the *date of adjudication*, the claimant is "within a few days to a few months of reaching an older age category, and using the older age category would result in a determination or decision that [the claimant is] disabled." § 416.963(b) (emphasis added). "Within a few days to a few

5

months" generally means within six months. *See* Program Operations Manual System (POMS) DI 25015.006 (available at https://secure.ssa.gov/poms.nsf/lnx/0425015006) (last accessed Aug. 21, 2025); Hearings, Appeals, and Litigation Law Manual (HALLEX) I-2-2-42 (available at https://www.ssa.gov/OP_Home/hallex/I-02/I-2-2-42.html) (last accessed Aug. 21, 2025).

In the five-step framework used to determine disability, the ALJ determined that Plaintiff (1) had not recently engaged in substantial gainful activity; (2) had several severe impairments; and (3) had impairments that, although severe, did not automatically establish disability. (Dkt. No. 7-3 at 18.) In step (4), the ALJ determined that Plaintiff had the residual functional capacity to perform light work; such work was limited to Plaintiff's ability to "occasionally reach overhead bilaterally[,] climb ramps and stairs, stoop, kneel, crouch, and crawl. [Plaintiff] cannot climb ladders, ropes, or scaffolds." (*Id.* at 19.) In step (5), the ALJ stated that Plaintiff "was born on July 8, 1964 and was 50 years old, which is defined as an individual closely approaching advanced age, on the date the application was filed" and cited 20 C.F.R. § 416.963. (*Id.* at 23.) Also within step (5), the ALJ determined that Plaintiff, despite his physical limitations, could perform one of numerous jobs available in the national economy, including photocopy machine operator, cleaner, and cashier. (*Id.* at 18–23.) Although the ALJ found the Plaintiff was "not disabled" after "considering the claimant's age, education, work experience, and residual

6

functional capacity," the opinion contained no further discussion of Plaintiff's age. (*Id.* at 23–24.)

The ALJ's decision was issued on March 8, 2019, four months shy of Plaintiff's 55th birthday on July 8, 2019. (*See* Dkt. 9 at 3.) Had the ALJ conducted a "borderline age" analysis, the ALJ could have placed Plaintiff in the "advanced age" group. Given Plaintiff's other limitations, this could have resulted in a finding that Plaintiff was disabled under SSA regulations.[4] (20 C.F.R. § 404; Dkt. 22 at 2–5.) Plaintiff asserts the ALJ's failure to consider applying the higher category, or at the least its failure to explain its reasoning on this point, requires remand.

Plaintiff has the better of this argument. SSA policy, as outlined in the Code of Federal Regulations, POMS, and HALLEX, requires ALJs to consider borderline age situations if they arise. The ALJ's decision cited 20 C.F.R. § 416.963 in support of the determination that Plaintiff was "an individual closely approaching advanced age." (Dkt. 7-3 at 23.) But 20 C.F.R. § 416.963(b) states that ALJs "will not apply the age categories mechanically in a borderline [age] situation." ALJs will instead "consider whether to use the older age category after evaluating the overall impact of all the factors of [the claimant's] case." *Id.* Put another way, an ALJ "will identify whether the claim may involve a borderline age situation . . . [;] [if] a borderline age situation exists, the ALJ must decide whether it is more appropriate to use the claimant's chronological age or the higher age category." HALLEX I-2-2-42. Although

---

[4] Rule 201.04 and 202.13 direct that a claimant with advanced age, high school graduate, and unskilled previous work experience be considered disabled, while a claimant closely approaching advanced age and otherwise similar characteristics be considered not disabled." 20 C.F.R. § 404, Subpt. P, Appx. 2; *see also* Dkt. 22 at 5.

7

HALLEX provisions are not binding, the Seventh Circuit "would expect at least an explanation if an ALJ departed from its instructions in a material way." *Gebauer v. Saul*, 801 F. App'x 404, 408 n.1 (7th Cir. 2020) (nonprecedential disposition).

No borderline age analysis appears within the ALJ's opinion, nor does the opinion contain an explanation for departing from the instruction to conduct one. Although it appears that the Seventh Circuit has not yet expressly addressed the issue of whether ALJs must "explicitly show" that he or she considered a borderline age situation, other courts have, on several occasions, held that failure to do so requires remand. *See Cox v. Kijakazi*, 2023 WL 5938078, at *12–13 (C.D. Ill. Sept. 11, 2023) (remanding for ALJ to explain the evidence considered when determining age category, where the ALJ did not state whether the borderline age rule was considered and did not indicate what factors were used to determine whether the rule applied such that it was impossible for the court to conduct a meaningful review of the age category determination); *Figueroa v. Astrue*, 848 F. Supp. 2d 894, 899–900 (N.D. Ill. 2012) (same); *Malgorzata K. v. Kijakazi*, No. 20 C 296, 2022 WL 2257122, at *3 (N.D. Ill. June 23, 2022) (same); *Pelech v. Colvin*, 2016 WL 727308, at *8 (N.D. Ill. Feb. 22, 2016) (remanding because the Court had "no idea whether the ALJ considered [Plaintiff's] approaching 50th birthday as a borderline age situation, or whether he simply looked at [Plaintiff's] chronological age and applied the 'younger individual' age group in a mechanical fashion and without further thought."); *Moody v. Berryhill*, 245 F. Supp. 3d 1028, 1035 (C.D. Ill. 2017) (same). Because the opinion does not lay out the ALJ's reasoning regarding a borderline age analysis, it does not build a logical

8

bridge that the Court can meaningfully review—even while acknowledging the "not high" character of the substantial evidence threshold. *Warnell*, 97 F.4th at 1052.

The Commissioner makes two counterarguments: *first*, that the ALJ's omission was "cured" by a statement made in the decision of the Appeals Council, and *second*, that a borderline age analysis would likely not favor Plaintiff, rendering the ALJ's error "harmless." These arguments are addressed in turn.

In its ruling, the Appeals Council stated, "We considered the borderline age situation in this case, and we found that the factors in the record do not support application of the higher age category." (Dkt. 7-3 at 3.) Even if this analysis is sound, it is inappropriate post-hoc rationalization and cannot be considered. *See Phillips v. Astrue*, 413 Fed. App'x 878, 887 (7th Cir. 2010) ("[W]e have repeatedly warned that attempts to supplement the ALJ's decision are inappropriate [because] the government may not provide the missing justification for an ALJ's decision."); *see also Steele v. Barnhart*, 290 F.3d 936, 941 (7th Cir. 2002) (holding that the ALJ, not the Commissioner's lawyers, must build *Scott*'s logical bridge). Nor does this statement clarify whether the ALJ considered the borderline age situation. And although this Court may review the statement by the Appeals Council as part of the record, once the Appeals Council denies a request to review, the ALJ's decision becomes the Commissioner's final decision subject to judicial review. 20 C.F.R. § 416.1481; *see Yurt v. Colvin*, 758 F.3d 850 (7th Cir. 2014).

Even if the ALJ's absence of discussion regarding Plaintiff's age could be cured after the fact, the statement by the Appeals Council is too superficial to establish a

9

logical bridge for a court's review. *Scott* requires that an ALJ identify the evidence on which the decision is made so that a federal court can conduct a meaningful review. 297 F.3d at 595. Relying on a conclusory—*i.e.*, evidentially disconnected—statement made after the ALJ's decision as evidence to support the ALJ's decision does not satisfy the applicable standard under *Scott*.

The Commissioner argues also that even if the Commissioner erred, its error was harmless. In support, the Commissioner cites *McKinzey v. Astrue*, 641 F.3d 884, 892 (7th Cir. 2011) for the proposition that the Seventh Circuit "will not remand a case to the ALJ for further specification where we are convinced that the ALJ will reach the same result." But unlike the ALJ in *McKinzey*, the ALJ here did not explicitly conduct the borderline analysis of Plaintiff's. This case involves an ALJ's silence on an entire issue—the borderline age situation—rather than silence regarding one piece of evidence.

Moreover, the line that the Commissioner quotes from *McKinzey* relies on a single sentence from *Spiva v. Astrue*, 628 F.3d 346, 353 (7th Cir. 2010): "[i]f it is predictable with great confidence that the agency will reinstate its decision on remand because the decision is overwhelmingly supported by the record though the agency's original opinion failed to marshal that support, then remanding is a waste of time." That statement from *Spiva* is of course binding on this Court as a general matter, but the Commissioner here does not argue that the evidence "overwhelmingly supports" placing Plaintiff in the younger age bracket. Instead, the Commissioner frames the issue as one that could go either way, arguing that the facts in evidence

10

"support" such a conclusion and "weigh against" placing Plaintiff in the older age bracket. (Dkt. 22 at 4, 6.) Defendant argues, for example, that Plaintiff's ability to only reach overhead occasionally is not "significantly work limiting" because he could otherwise reach in all other directions. (*Id.* at 7.) These inferences are insufficient to meet either *McKinzey*'s "obvious[ness]" or *Spiva*'s "overwhelmingly supported" standards to establish harmless error.

In sum, ALJs must follow agency regulations, and reviewing courts must premise their review on the ALJ's—and only the ALJ's—final determination. *Prochaska,* 454 F.3d at 736–37; *Spiva,* 628 F.3d at 353. The ALJ was required to consider Plaintiff's borderline age situation (*see* 20 C.F.R. § 416.963) and explain why the ALJ decided to place Plaintiff in one age category or the other. Because the ALJ included nothing to suggest it considered the borderline age situation, a meaningful review of the ALJ's decision cannot be had. Accordingly, the ALJ's decision must be reversed and the case remanded for further administrative proceedings.

## IV. CONCLUSION

The ALJ's decision denying benefits to Plaintiff Kevin Hejna is reversed, and the case is remanded to the Commissioner of Social Security for further proceedings consistent with this opinion.

SO ORDERED in No. 19-cv-05998.

Date: August 29, 2025

JOHN F. KNESS
United States District Judge